## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

HIT ENTERTAINMENT, PLC,
LYONS PARTNERSHIP, L.P.,
DISNEY ENTERPRISES, INC., and
SANRIO, INC.

        Plaintiffs,

vs.

COOKIES-N-CREAM PARTY
RENTAL, INC., and ANAIS OLIVER
D/B/A  COOKIES-N-CREAM
FUNNY CLOWN SHOW

        Defendants.

_____/

Case No.

05-21092

CIV-JORDAN

[KLEIN]

### COMPLAINT

Plaintiffs, HIT ENTERTAINMENT PLC, LYONS PARTNERSHIP, L.P., DISNEY

ENTERPRISES, INC., and SANRIO, INC. (hereinafter collectively referred to as "Plaintiffs"),

by and through their undersigned attorneys, allege for their Complaint as follows:

### INTRODUCTION

1.      This action is filed by Plaintiffs to combat the willful and intentional infringement

of its copyrighted properties and trademarks, and includes claims for copyright infringement,

federal trademark infringement, false designation of origin and dilution as well as related claims

under Florida law.

### NATURE OF THE ACTION

2.      This is an action for trademark infringement in violation of section 32 of the

Lanham Act, 15 U.S.C. § 1114; for false designation of origin and dilution under section 43 of

1



the Lanham Act, 15 U.S.C. § 1125; and for copyright infringement in violation of 17 U.S.C. § 501 of The Copyright Act.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as the Plaintiffs' cause of action arises under The Copyright Act, 17 U.S.C. § 101 and The Federal Trademark Act ("Lanham Act"), 15 U.S.C. § 1051. Further, this Court has jurisdiction over the Plaintiffs' pendent and common-law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

4.    Venue is proper within this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

5.    Plaintiff, HIT ENTERTAINMENT PLC, is a corporation duly organized and existing under the laws of England and Wales, and has a principal place of business in London, England.

a.    HIT Entertainment PLC ("HIT") is the owner of all rights to the Bob the Builder® character.  Specifically, HIT is the owner of numerous existing federal trademark and service mark registrations and copyright registrations.  Copies of certain relevant copyright and trademark registrations are incorporated by reference herein and indexed hereto as respectively Exhibits A and B.

6.    Plaintiff, LYONS PARTNERSHIP, L.P., is a limited partnership duly organized and existing under the laws of Texas, and has a principal place of business in Allen, Texas.

a.    Lyons Partnership, L.P. ("Lyons") is the owner of all rights to the Barney® character.  Specifically, Lyons is the owner of numerous existing federal trademark and service mark registrations and copyright registrations.  Copies of certain relevant copyright and

2

trademark registrations are incorporated by reference herein and indexed hereto as respectively Exhibits A and B.

7.      HIT and Lyons created the Bob the Builder and the Barney characters (hereinafter the "Bob the Builder and Barney Characters") in response to a need for high quality programming for the entertainment of pre-school children.   The appearances of the Bob the Builder and Barney Characters are distinct and result from the combination of a number of arbitrary elements.  Photographs of their characters appear in videos and in television series featuring the Bob the Builder and Barney Characters. All of HIT's and Lyons' Characters are wholesome individuals that encourage children to use their imagination and to solve problems.

8.      Plaintiff, DISNEY ENTERPRISES, INC. (hereinafter "Disney" or as part of "Plaintiffs") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

        a.      Disney or one of various subsidiary companies wholly owned by Disney, is engaged in a variety of businesses, including the operation of the Walt Disney World Resort complex and Disneyland Park, producing and distributing motion pictures and television programs, operating stores and hotels, producing and selling books, records and tapes, and providing entertainment.  A significant aspect of Disney's business is the merchandising and licensing of distinctive elements associated with its motion pictures and television programs, including, but not limited to, the world-famous fanciful characters Mickey Mouse, Minnie Mouse, Donald Duck, Daisy Duck, Goofy, and Pluto, as well as characters from Disney animated motion pictures, including but not limited to, "Pinocchio," "The Lion King," "Aladdin," "Beauty and the Beast," "The Little Mermaid," "Pocahontas,"  "Hunchback of Notre

Dame," "Hercules," "Mulan," "Toy Story," "Monsters, Inc.," "The Emperor's New Grove," and "Lilo and Stitch" (hereinafter collectively referred to as "Disney Characters").

       b.    Each of the Disney Characters noted in subparagraph "a." above are covered by copyright registrations with the U.S. Copyright Office.  Various copyright registrations are made in the name of Walter E. Disney.  In October 1934, Walter E. Disney assigned his copyrights to Walt Disney Productions Ltd. ("WDPL"), and filed a copy of such assignment ("The Assignment") with the Copyright Office. In September 1938, WDPL and Walt Disney Enterprises ("WDE") and Liled Realty and Investment Company, Ltd., were consolidated into Walt Disney Enterprises. A copy of the consolidation agreement was filed with the Copyright Office. In December 1938, pursuant to an amendment to its articles of incorporation, Walt Disney Enterprises changed its name. A copy of the 1938 certificate of amendment of the articles of incorporation ("The 1938 Name Change") to Walt Disney Productions ("WDP") was filed with the Copyright Office. In February 1986, pursuant to an amendment to its articles of incorporation, WDP changed its name to The Walt Disney Company. A copy of the 1986 certificate of amendment ("The 1986 Name Change") was filed with the Copyright Office.  On November 24, 1986 The Walt Disney Company, a California corporation merged into The Walt Disney Company, a Delaware corporation.  In February 1996, pursuant to further amendment to its articles of incorporation, The Walt Disney Company, a Delaware corporation changed its name to Disney Enterprises, Inc.  A copy of the 1996 certificate of amendment ("The 1996 Name Change") was filed with the Copyright Office. Some, but not all of the applicable copyright registrations covering the characters and properties noted above in subparagraph "a." are indexed on Exhibit A.

c.      Disney also owns all rights, title, and interest in and to, and holds the exclusive rights to market and sell merchandise bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and related to the Disney Characters (hereinafter the "Disney Trademarks"). Disney adopted one or more of the Disney Trademarks for diverse articles and registered their trademarks with the United States Patent and Trademark Office.  A representative list of Disney Trademarks are indexed on Exhibit B.

9.      Plaintiff, Sanrio, Inc., is a corporation duly organized and existing under the laws of the State of California, having its principal place of business in San Francisco, California. Sanrio is a wholly-owned subsidiary of Sanrio Company, Ltd. Sanrio Company, Ltd. is a corporation organized under the laws of Japan, having its principal place of business in Tokyo, Japan (hereinafter referred to as "Sanrio Company").

a.      For more than forty years, Sanrio Company has been engaged in the business of manufacturing, distributing and selling a wide range of products including, without limitation, character artwork created, developed and designed by Sanrio Company for use by children and young adults. Certain of the characters and designs have achieved such global fame and popularity that Sanrio Company has produced and distributed television programming for children based on the character artwork. One such television program is the animated television series entitled *Hello Kitty*.

b.      A significant source of revenue for Sanrio Company is the merchandising and licensing of distinctive elements bearing character artwork, including Bad Badtz Maru, Chococat, Hello Kitty, KeroKeroKeroppi, Landy, Little Twin Stars, Monkichi, My Melody, Patty and Jimmy, Pekkle, Picke Bicke, Pochacco, Tuxedo Sam, Winkipinki, and Zashikbuta (hereinafter individually and collectively referred to as the "Sanrio Company Characters").

c.      The revenue from products using the Sanrio Company Characters sold in the United States is substantial. The appearance and other features of Sanrio Company's Properties are inherently distinctive and serve to identify Sanrio Company as the source of products bearing the Sanrio Company Characters. The design, configuration and distinctive features of the Sanrio Company Characters and other Sanrio Company copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as the "Sanrio Company Copyrighted Designs") are wholly original with Sanrio Company and, as fixed in various tangible media including, without limitation, merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., § 101, *et seq.* Sanrio Company is the owner of the Sanrio Company Copyrighted Designs and, as featured on and in connection with various merchandise, these designs constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

d.      Sanrio Company has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to Sanrio Company's Copyrighted Designs, and Sanrio Company owns one or more certificates of registration for works in which each of Sanrio Company's Copyrighted Designs appear. A representative sample of copyright registrations for Sanrio Company's Copyrighted Designs are indexed on Exhibit "A." Sanrio Company's Copyrighted Designs manufactured, sold, and distributed by Sanrio Company or under its authority have been manufactured, sold, and distributed in conformity with the provisions of the copyright laws. Sanrio Company and those acting under its authority have complied with their obligations under the copyright laws. Sanrio, as the exclusive United States licensee for Sanrio Company, is authorized to enforce all right, title, and interest in and to the copyrights in each of Sanrio Company's Copyrighted Designs.

6

e.      Sanrio Company owns all right, title and interest in and to and holds exclusive rights to develop, manufacture, market, and sell products bearing the trademarks, trade names, service marks, artwork, characters, and other distinctive elements for and incorporating Sanrio Company's Characters.

f.      Sanrio Company is the owner of world famous registered marks which serve to distinguish Sanrio Company products. Some of those trademarks have been used continuously for over twenty-five years. Each year Sanrio Company spends millions of dollars to develop and maintain the considerable good will it enjoys in its trademarks and in its reputation for high quality. A sample of trademark registrations for Sanrio Company's Characters is indexed on Exhibit "B" (collectively the "Sanrio Company Trademarks").

g.      Sanrio Company's Trademarks are all valid, extant, and in full force and effect. Sanrio Company's Trademarks are exclusively owned by Sanrio Company. Sanrio Company has continuously used each of Sanrio Company's Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

h.      As a result of advertising and sales, together with longstanding consumer acceptance, Sanrio Company's Trademarks identify Sanrio Company's products and authorized sales of these products. Sanrio Company's Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world. Since issuance of the registrations, Sanrio Company has given notice that the marks are registered pursuant to 15 U.S.C. § 1111 by displaying the registration symbol "®."  Sanrio, as the exclusive United States licensee for Sanrio Company, is authorized to enforce all right, title, and interest in and to the copyrights in each of Sanrio Company's Trademarks.

7

i.     Through Sanrio, Sanrio Company has authorized and licensed the manufacture and sale of various different types of product which bear the "Sanrio Company Properties" including, but not limited to, soft sculpture toys, mirrors, and similar products.

10.     Defendant, COOKIES-N-CREAM PARTY RENTAL, INC. upon information and belief, is a corporation duly organized and existing under the laws of the State of Florida, having its principal place of business listed at 16920 NW 52nd Ave., Opa Locka, FL 33055, and which also does business at 2775 West 61st Street, #107, Hialeah FL 33106.

11.     Defendant, ANAIS OLIVER d/b/a Cookies-N-Cream Funny Clown Show, upon information and belief, is an individual residing in the State of Florida and this District, and is an officer, director, registered agent and controlling force in the operation of COOKIES-N-CREAM PARTY RENTAL, INC., and does business at 16920 NW 52nd Ave., Opa Locka, FL 33055 and 2775 West 61st Street, #107, Hialeah FL 33106.

## FACTUAL BACKGROUND

12.     Numerous television shows, videotapes, and movies depict Bob the Builder and Barney Characters as well as the Disney Characters and Sanrio Characters (hereinafter known as the "Plaintiffs' Characters"). All of these aforementioned mediums are protected by copyrights and federal trademark registrations.

13.     Additionally, all of the Plaintiffs distribute and sell plush dolls, publish and sell books and other written articles, and produce, stage and video shows based on the Plaintiffs' Characters.

14.     Through all of these points of exposure, the children's experience of the Plaintiffs' Characters is one of utmost trust and confidence. The Plaintiffs' Characters' personal appearances are carefully choreographed by professionals who are employed by or work under

8

the supervision of the Plaintiffs.  The Plaintiffs' Characters conduct themselves in a courteous and appropriate fashion.

15.     Plaintiffs have invested and continue to invest significant sums to build and maintain the Plaintiffs' Characters' images, providing charitable donations and benefit appearances; making visits to children's hospitals, public television stations and Make-A-Wish events; Pediatric AIDS benefits; conducting marketing and promotional campaigns; appearing on television talk shows; and more.

16.     Plaintiffs have not licensed the manufacture (other than for their own use), distribution, sale or rental of any costumes for adults depicting the Plaintiffs' Characters.

## INFRINGING CONDUCT

17.     The Defendants are in the business of putting together party packages complete with character entertainment and/or costume rentals featuring unauthorized reproductions of the Plaintiffs' Characters in adult size costumes (hereinafter "Infringing Costumes").  Additionally, the Defendants rent water slides and moon walks with infringing Plaintiffs' Characters designs on the sides (hereinafter "Infringing Play Attractions").  See Exhibit C.

18.     Plaintiffs have never licensed Defendants to masquerade in their Infringing Costumes as Plaintiffs' copyrighted and trademarked Plaintiffs' Characters.  Nor have Plaintiffs given Defendants the license to promote their party packages and Infringing Play Attractions with Plaintiffs' Characters depicted anywhere on the items.

19.     Plaintiffs have received countless number of letters and calls complaining of unauthorized, bogus Plaintiffs' Characters in knock-off costumes.

20.     Because the Plaintiffs do not control the use of Infringing Costumes, they cannot control the behavior of individuals wearing the Infringing Costumes.  In the past individuals

wearing other unauthorized costumes of the Plaintiffs Characters have caused a negative effect on children by cursing, removing the costume head, and smoking, drinking and other unseemly conduct. Such conduct is unacceptable to Plaintiffs. Moreover, products that negatively depict the Plaintiffs' Characters injure Plaintiffs' reputations and good will.

**COUNT 1 – COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

21.     Plaintiffs hereby incorporate all allegations set forth in paragraphs 1 through 20.

22.     Defendants have infringed Plaintiffs' copyrights by manufacturing, purchasing, distributing, selling, renting, advertising and/or using Infringing Costumes and Infringing Play Attractions depicting images substantially similar to the copyrighted elements of the works and/or by preparing derivative works based on Plaintiffs' Characters in violation of 17 U.S.C. § 501 et seq. (the "Copyright Act").

23.     Defendants have never been authorized by the Plaintiffs to distribute the Plaintiffs' Characters; nor have the Plaintiffs ever authorized, licensed, or in any manner allowed the Defendants the right to manufacture, distribute, sell or offer for sale any merchandise including, but not limited to, Infringing Costumes and Infringing Play Attractions or related merchandise which bears any of said copyrighted properties; nor have the Defendants ever been authorized or licensed by the Plaintiffs to display, stage or produce any live performance utilizing the Plaintiffs' Characters.

24.     Upon information and belief, Defendants' acts as alleged are willful infringements of and have irreparably harmed the Plaintiffs' copyrights and exclusive rights, and threaten further infringements and further irreparable harm to Plaintiffs' copyrights and exclusive rights.

25.     Defendants have obtained gains, profit, and advantages because of their wrongful acts noted above.

26.     Plaintiffs have been and, continue to be, damaged by Defendants' activities and conduct.  Defendants have profited thereby and unless their conduct is enjoined, Plaintiffs' copyrights, goodwill, and reputations will suffer irreparable injury that cannot be adequately calculated or compensated solely by money damages.  Accordingly, Plaintiffs seek permanent injunctive relief pursuant to 17 U.S.C. § 502.

## COUNT II – TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)

27.     Plaintiffs incorporate paragraphs 1 through 20, and bring the following claim for trademark infringement, pursuant to 15 U.S.C § 1114, against the Defendants.

28.     The Plaintiffs own or are licensees of the exclusive trademark rights to those trademarks indexed on Exhibit B.  All of the trademark registrations are in full force and effect and are owned by the Plaintiffs or Plaintiffs' licensors.  In many cases the trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

29.     Plaintiffs, or those under their authority, manufacture and distribute all of their products and advertising in conformity with the provisions of the United States Trademark law.

30.     Notwithstanding the Plaintiffs' or their licensors' well-known and prior common law and statutory rights in their trademarks, Defendants have adopted and used the trademarks in the State of Florida and interstate commerce.  Defendants committed their acts with actual notice of the Plaintiffs' federal registration rights and long after the Plaintiffs or their licensors established their rights in the trademarks.

31.     Defendants committed their acts of infringement of Plaintiffs' registered trademarks in the Southern District of Florida, within the jurisdiction of this Court.  Defendants

have staged live performances utilizing the Infringing Costumes and Infringing Play Attractions, which Infringing Costumes and Infringing Play Attractions consist of or display unauthorized reproductions of Plaintiffs' trademarked Plaintiffs' Characters in the Southern District of Florida and interstate commerce, thus creating the likelihood of confusion, deception, and mistake.

32.     Upon information and belief, Defendants' acts as alleged are willful infringements of and have irreparably harmed the Plaintiffs' trademarks and exclusive rights, and threaten further infringements and further irreparable harm to Plaintiffs' trademarks and exclusive rights.

33.     The Plaintiffs have suffered damages because of the Defendants' acts.

34.     Defendants' acts of infringement will cause irreparable injury to the Plaintiffs if Defendants are not restrained by the Court from further violation of the Plaintiffs' rights, as Plaintiffs have no adequate remedy at law.

## COUNT III –UNFAIR COMPETITION (15 U.S.C. § 1125(a)

35.     Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 20, 22 through 24 and 28 through 32 of this Complaint.

36.     Plaintiffs have created the Plaintiffs' Characters and their trade dress, which are enjoyed by persons throughout the United States and the World.

37.     The appearance of the Plaintiffs' Characters constitutes inherently distinctive trade dress.

38.     Plaintiffs have manufactured, marketed and sold the Plaintiffs' Characters in the form of toys, books, videotapes, live stage shows and a variety of other products, and have realized substantial income from such sales.

39.     The Plaintiffs' Characters and their trade dresses are recognized as distinctive and have developed and now possess secondary trademark meaning to the viewers of the Plaintiffs' Characters videotapes, television series, movies and the authorized personal and theatrical appearances, and to the purchasers of the Plaintiffs' Characters' products.

40.     The acts of Defendants constitute false designations of origin, false descriptions and representations, and infringement of Plaintiffs' Characters, and occurred in the course of Defendants' commercial and advertising activities in interstate commerce.   Specifically, Defendants have used Infringing Costumes and Infringing Play Attractions in their advertisement, marketing, rental, sale and performance, a combination of elements that is likely to cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs as to the origin, sponsorship or approval to their goods or services.

41.     The Defendants, by misappropriating and using the Plaintiffs' Characters are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their goods and services.   Defendants have profited thereby and, accordingly, Plaintiffs are entitled to recover their damages, as well as Defendants' profits received because of the infringement.

42.     These acts constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.     Defendants' acts of infringement will cause irreparable injury to the Plaintiffs if Defendants are not restrained by the Court from further violation of the Plaintiffs' rights, as Plaintiffs have no adequate remedy at law.

## COUNT IV – UNFAIR COMPETITION
## UNDER FLORIDA'S COMMON LAW

44.     Plaintiffs repeat and reallege paragraphs 1 through 20, 22 through 24, 28 through 32 and 36 through 41 of this Complaint.

45.     Plaintiffs have expended significant sums of money in advertising and marketing products featuring their trademarks, and creating a consumer demand for such products in Florida and elsewhere in the United States.  Consequently, these products have become widely known and accepted.

46.     The Defendants have adopted and used one or more of the Plaintiffs' Characters in conjunction with their sale, distribution and offer for sale, marketing and advertising of live performances, rental of Infringing Costumes and Infringing Play Attractions, and with the sale of infringing merchandise in Florida, thereby passing off such services or products as authorized or distributed by Plaintiffs.

47.     The Defendants have knowingly and willfully appropriated one or more of the Plaintiffs' Characters in an effort to create the impression that the Defendants counterfeit activities are sanctioned by Plaintiffs in order to misappropriate all of the goodwill associated with the Plaintiffs' Characters.

48.     The Defendants' acts, as described above, constitute unfair competition and will, unless enjoined by this Court, result in the destruction and/or dilution of the Plaintiffs' valuable good will.

49.     The continued passing off by the Defendants of such unauthorized products and services, as if such products originated with or were authorized by Plaintiffs, has caused and, unless restrained, will continue to cause serious and irreparable injury to Plaintiffs.

50.     As a result of the aforesaid acts, Plaintiffs have suffered damage.

## COUNT V – DILUTION IN VIOLATION OF FLA. STAT. § 495.151

51.     Plaintiffs repeat and reallege paragraphs 1 through 20, 22 through 24, 28 through 32, 36 through 41 and 45 through 48 of this Complaint.

52.     The infringing, unauthorized, and unlawful acts of the Defendants as alleged above have, and will continue to have, the effect of diluting the distinctive quality of the Plaintiffs' Characters.  Said acts constitute an unlawful dilution of Plaintiffs' rights at common law and under the Florida Anti-Dilution Statute, Fla. Stat. § 495.151.

53.     The Defendants' commercial exploitation of the Plaintiffs Characters in conjunction with the Infringing Costumes, Infringing Play Attractions, and related infringing merchandise will cause confusion in the marketplace regarding the sponsorship and origin of such services and will tarnish Plaintiffs' reputation in the marketplace.

54.     As a result of the Defendants acts, Plaintiffs have no adequate remedy at law and have suffered irreparable harm and damage.  Plaintiffs will continue to suffer irreparable harm and damage as a result of Defendants' acts unless injunctive relief is granted as prayed for herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, HIT, Lyons, Disney and Sanrio, pray for the following relief:

1.     Permanent injunctive relief restraining Defendants, and their officers, agents, servants, employees, contractors and all persons acting in concert or participation with any of them:

(a)     from further infringing on the Plaintiffs' Characters by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing any of the Plaintiffs' copyrighted properties and trademarks,

through the use of Infringing Costumes, Infringing Play Attractions, or through any other services or merchandise that are not authorized by the Plaintiffs.

(b) from manufacturing, purchasing, selling, distributing, advertising, renting and/or using any Infringing Costumes, Infringing Play Attractions or other related merchandise not authorized by the Plaintiffs and from creating imitations of any of the Plaintiffs' Characters in any manner for the purpose of acquiring, benefiting from, or trading on Plaintiffs' commercial reputations, successes, and goodwill.

(c) from making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade and public, or individual members thereof, to believe that any product or service manufactured, distributed or sold by the Defendants are in any manner associated or connected with any of the Plaintiffs.

2. Directing that Defendants deliver for destruction any and all Infringing Costumes, Infringing Play Attractions or related infringing merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Plaintiffs' Characters, or bearing a design or image which is of a substantially similar appearance to any of Plaintiffs' Characters.

3. Directing that Defendants report to this Court within thirty (30) days after a Permanent Injunction is entered to show their compliance with paragraphs 1 through 2 above.

4. Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any goods or services manufactured, sold, offered for sale, distributed and/or promoted by Defendants are authorized by the Plaintiffs, or related in any way to Plaintiffs' products.

5.     That Plaintiffs, be awarded from each Defendant utilizing the Plaintiffs' trademarks three times such Defendant's profits there from, after an accounting, pursuant to 15 U.S.C. § 1114 and § 1117, or at the election of the Plaintiffs, statutory damages as provided by § 1117(c), of between Five Hundred Dollars ($500) and One Hundred Thousand Dollars ($100,000), per trademark per type of good or service sold, which is counterfeited by each Defendant, at the Court's discretion, or should this Court find that the Defendant's use of the counterfeit mark was willful, and at the Court's discretion, not more than One Million Dollars ($1,000,000) per counterfeit mark per type of good or service sold or service offered by each Defendant.

6.     That Plaintiffs be awarded from each Defendant offering goods or services bearing the Plaintiffs' trademarks three times such Defendant's profits there from, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

7.     That Plaintiffs be awarded from each Defendant found to be in violation of its copyrights to the Plaintiffs' Characters, the Defendant's profits, or at the Plaintiffs' election, an award of statutory damages pursuant to 17 U.S.C. § 504, of no less than Seven Hundred and Fifty Dollars ($750) nor more than Thirty Thousand Dollars ($30,000) per copyrighted property infringed upon by each Defendant, at the Court's discretion, or should this Court find that such infringement was willful, that this Court, pursuant to its discretion, award statutory damages of up to One Hundred and Fifty Thousand Dollars ($150,000) for each copyrighted property infringed upon by each such Defendant.

8.     That Plaintiffs be awarded their reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505.

9.     That Plaintiffs be awarded its costs in bringing this action.

17

10.    That Plaintiffs have such other and further relief that this Court deems just.

Dated this _15th_ day of April 2005.

Respectfully submitted,


Michael W.O. Holihan
Florida Bar No.: 782165
**Holihan Law**
1101 North Lake Destiny Road
Suite 350
Maitland, Florida  32751
Telephone:  (407) 660-8575
Facsimile:  (407) 660-0510
Email: michael.holihan@holihanlaw.com

# EXHIBIT A

# COPYRIGHT REGISTRATIONS

Plaintiff:    HIT ENTERTAINMENT, P.L.C.

| TITLE | COPYRIGHT NO. | REGISTRATION DATE |
|---|---|---|
| "Bob the Builder: no. 1-13 | PA-957-661 | August 23, 1999 |
| "Mambo no. 5" | PA-1-064-854 | October 10, 2001 |
| "Bob the Builder to the Rescue" | PA-1-113-088 | October 15, 2002 |
| "Bob the Builder: no 17, 63 & 65, Bob's White Christmas" | PA-1-119-342 | October 16, 2002 |
| "Bob the Builder : no 1, 26, 31 and 47, Pets in a pickle" | PA-1-119-854 | October 16, 2002 |
| "Bob the Builder no: 11, 28, 29 and 45, Bob the Builder Can we Fix It?" | PA-1-119-862 | October 16, 2002 |
| "Bob the Builder: Bob's camera" | SR-326-509 | January 23, 2003 |
| "Bob's recycling day" | TX-5-385-413 | November 16, 2001 |
| "A day at the barn" | TX-5-385-423 | November 16, 2001 |
| "Scoop" | TX-5-649-609 | December 27, 2002 |
| "Roley and the rock star" | TX-5-744-949 | May 8, 2003 |

Plaintiff:    LYON'S PARTNERSHIP, L.P.

| TITLE | COPYRIGHT NO. | REGISTRATION DATE |
|---|---|---|
| "Barney" | RE-207-358 | March 30, 1984 |
| "Barney" | RE-705-082 | August 17, 1995 |

| | | |
|---|---|---|
| "Barney | PA-10-710 | June 9, 1978 |
| "Barney" | PA-12-334 | August 15, 1978 |
| "Barney " | PA-227-430 | March 14, 1984 |
| "Barney & Baby Bop" | VA-573-406 | June 1, 1993 |
| "Barney" Stuffed Toy | VA-550-465 | January 28, 1983 |
| "The Backyyard Show" | PA-496-592 | November 21, 1990 |
| "Barney in Concert" | PA-594-375 | December 23, 1992 |

Plaintiff:    THE WALT DISNEY COMPANY

| TITLE | COPYRIGHT NO. | REGISTRATION DATE |
|---|---|---|
| "Steamboat Willie" | MP 2124 | November 21, 1928 |
| "Steamboat Willie" | R 162021 | December 22, 1955 |
| Mickey Mouse | GP 80183 | February 17, 1972 |
| Mickey Mouse | VA 58-937 | September 15, 1980 |
| Minnie Mouse as a character in "Steamboat Willie" | MP 2124 | November 21, 1928 |
| Minnie Mouse | GP 80191 | February 17, 1972 |
| Minnie Mouse | VA 58-938 | September 15, 1980 |
| Donald Duck as character in "The Wise Little Hen -- Walt Disney's Silly Symphony" | MI 4802 | May 31, 1934 |
| Donald Duck as character in "The Wise Little Hen -- Walt Disney's Silly Symphony" | R 277811 | June 19, 1961 |
| Donald Duck | GP 80184 | August 8, 1972 |
| Donald and Daisy | VA 58-935 | September 15, 1980 |

| | | |
|---|---|---|
| Goofy as a character in "Mickey's Revue" | MI-3342 | May 30, 1932 |
| Goofy | R 237770 | June 8, 1959 |
| Goofy | GP 80187 | February 17, 1972 |
| Goofy | VA 58-936 | September 15, 1980 |
| "Aladdin" | PA 583-905 | June 15, 1909 |
| "Beauty and the Beast" | PA 542 647 | November 20, 1991 |
| Daisy Duck in "Don Donald" | | |
| Daisy Duck | GP 81520 | November 8, 1972 |
| Daisy Duck | VA 58-933 | September 15, 1980 |
| "The Lion King" | PA 659-979 | June 20, 1994 |
| "The Little Mermaid" | PA 431*543 | November 17, 1989 |
| Pluto as a character in "The Chain Gang" | M1906 | September 8, 1930 |
| Pluto "The Chain Gang" | R 204524 | December 16, 1957 |
| Pluto | GP 80192 | February 17, 1972 |
| Pocahontas Style Guide | VA 690-928 | January 12, 1995 |
| "Snow White and the Seven Dwarfs" | LP 7689 | |
| "Who Framed Roger Rabbit" Licensing Kit | VA 272 999 | August 10, 1987 |
| "Hercules" | PA 670-961 | July 15, 1997 |
| "The Hunchback of Notre Dame" | PA 795-221 | July 11, 1996 |
| "101 Dalmatians" | PA 789-990 | December 11, 1996 |
| "One Hundred and One Dalmatians" | RE 370-901 | January 21, 1998 |
| "One Hundred and One Dalmatians" | LP 18715 | November 18, 1960 |

| | | |
|---|---|---|
| "Winnie The Pooh" Licensing Kit | VA 242 333 | October 31, 1996 |
| "Winnie The Pooh" | GP 81528 | October 31, 1972 |
| "Toy Story" | PA 765-713 | December 20, 1995 |
| "Toy Story" Style Guide | VA 735-197 | August 28, 1995 |
| "A Bug's Life" | PA 901-890 | December 30, 1998 |
| "A Bug's Life" Style Guide | VA 875-986 | March 12, 1998 |
| "Mulan" | PA 799-025 | July 7, 1998 |
| "Mulan" Style Guide | VA 849-510 | September 29, 1997 |
| "Tarzan" | PA 939-561 | July 30, 1999 |
| "Tarzan" Style Guide | VA 949-479 | November 5, 1998 |
| "Monsters, Inc." | VA 999-982 | December 15, 2000 |
| "The Emperor's New Groove" | VA 999-573 | June 19, 2000 |
| "Lilo and Stitch" | VA1-094-896 | August 2, 2001 |

Plaintiff:    SANRIO COMPANY, LTD.

| TITLE | COPYRIGHT NO. | REGISTRATION DATE |
|---|---|---|
| Bad Badtz Maru Graphic Artwork | VA 811 440 | February 4, 1997 |
| Hello Kitty Graphic Artwork | VA 130 420 | December 2, 1982 |
| KeroKeroKeroppi Sticker Book | VA 636 579 | May 25, 1994 |
| Little Twin Stars Stickers | VA 246 421 | December 15, 1986 |
| Monkichi Graphic Artwork | VA 840 495 | February 4, 1997 |
| My Melody Graphic Artwork | VA 130 419 | December 2, 1982 |

| | | |
|---|---|---|
| Patty & Jimmy Graphic Artwork | VA 130 421 | December 2, 1982 |
| Pekkle Graphic Artwork | VA 636 582 | May 25, 1994 |
| Picke Bicke Graphic Artwork | VA 840 496 | February 4, 1972 |
| Pochacco Sticker Book | VA 636 580 | May 25, 1994 |
| Tuxedo Sam Stickers | VA 148 625 | February 21, 1984 |
| Winkipinki Graphic Artwork | VA 840 494 | February 4, 1997 |
| Zashikibuta Stickers | VA 636 581 | May 25, 1994 |

# EXHIBIT B

## TRADEMARK REGISTRATIONS

Plaintiff:    HIT ENTERTAINMENT, P.L.C.

| MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| "Bob the Builder | 2,759,172 | September 2, 2003 | 41 |
| "Bob the Builder" | 2,713,778 | May 6, 2003 | 41 |

Plaintiff:    LYONS PARTNERSHIP, L.P.

| MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| "Barney" | 1,697,415 | June 30, 1992 | 9 |
| "Barney & Friends" | 1,754,307 | February 23, 1993 | 41 |
| "Barney" | 1,782,534 | July 20, 1993 | 9 |
| "Barney" | 1,791,394 | September 7, 1993 | 9 |
| "Barney" | 1,761,784 | March 30, 1993 | 41 |
| "Barney" | 1,921,594 | September 26, 1995 | 41 |
| "Barney" | 2,455,086 | May 29, 2001 | 41 |
| "Barney" | 1,815,882 | January 11, 1994 | 16 |
| "Barney" music | 1,921,665 | September 26, 1995 | 9 |
| "Barney" | 1,860,039 | October 25, 1994 | 41 |
| Bedtime with Barney" | 2,081,856 | July 22, 1997 | 28 |

Plaintiff:    DISNEY ENTERPRISES, INC.

| MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| "Mickey's Kitchen" and | 1,674,655 | February 4, 1992 | 42 |

Design

| | | | |
|---|---|---|---|
| "Mickey Mouse' | 313,765 | August 23, 1994 | 38 |
| "Mickey Mouse' | 1,857,626 | October 11, 1997 | 14 |
| "Mouse Ears Design" | 1,524,601 | February 14, 1989 | 25 |
| "Donald Duck" | 1,161,868 | July 21, 1981 | 16 |

Plaintiff:    SANRIO COMPANY, LTD.

| MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| Hello Kitty (rep.) | 1,200,083 | July 6, 1982 | 16 |
| Hello Kitty (rep.) | 1,200,083 | July 6, 1982 | 18 |
| Hello Kitty (rep.) | 1,277,721 | May 15, 1984 | 16 |
| Hello Kitty (rep.) | 1,277,721 | May 15, 1984 | 18 |
| Hello Kitty (words) | 1,215,436 | November 9, 1982 | 16 |
| Hello Kitty (words) | 1,215,436 | November 9, 1982 | 18 |
| Hello Kitty (words) | 1,279,486 | May 29, 1984 | 16 |
| Hello Kitty (words) | 1,279,486 | May 29, 1984 | 18 |

# EXHIBIT C

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.   05-21092-CIV-JORDAN

## ATTACHMENT TO DOCKET ENTRY:   /

# NOT SCANNED

☐ VOLUMINOUS (exceeds 999 pages = 4 inches)

☐ BOUND EXTRADITION PAPERS

☐ ADMINISTRATIVE RECORD (Social Security)

☐ STATE COURT RECORD (Habeas Cases)

☐ SOUTHERN DISTRICT TRANSCRIPTS

☐ LEGAL SIZE

☐ DOUBLE SIDED

☒ PHOTOGRAPHS

☐ POOR QUALITY (i.e. hand written, legal size, light print, etc.)

☐ SURETY BOND (original or letter of undertaking)

# PLEASE REFER TO COURT FILE













INDEX

http://www.cookiesncreampary.com/

# GRAND CASTLE PARTY

COOKIES . CREAM



Join ALL of your favorite Characters, which you have known and loved, in a Grand character Birthday showcase. A character for every child, with fun, music, games, and our wonderful Castle background. This is by far the Most Complete Birthday Party you'll ever celebrate!!

Call (305) 512-7627 for details...

Make this years Birthday the BEST Birthday EVER!!

INDEX

Characters

Princesses

Super Heroes

Clowns

Poker Bunch

Pirates

Cowboy

SNCA

GRAND
CASTLE
PARTY

Done






Join ALL of your favorite Characters, which you have known and loved, in a Grand character Birthday showcase. A character for every child, with fun, music, games, and our wonderful Castle background. This is by far the Most Complete Birthday Party you'll ever celebrate!!

Call (305) 512-7627 for details.

Make this years Birthday the BEST Birthday EVER!!

INDEX

http://www.cookiesncreampany.com/



INDEX

Characters

Princesses

Super Heroes

Classics

Peter Pan's Pirates

Cowboy Stock

Snowcone Ball

GRAND
CASTLE
PARTY

Done

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

05-21092

CIV-JORDAN

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

HIT ENTERTAINMENT, PLC, LYONS PARTNERSHIP, L.P., DISNEY ENTERPRISES, INC. and SANRIO, INC.

## DEFENDANTS

KLEIN

COOKIES-N-CREAM PARTY RENTAL, INC., and ANAIS OLIVER D/B/A COOKIES-N-CREAM FUNNY CLOWN SHOW

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     Collin
(EXCEPT IN U.S. PLAINTIFF CASES)

Arose Dade (1:05cv21092/AJ/Klein)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

2005 APR 21 AM 8: 38

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Holihan Law
1101 N. Lake Destiny Road, Suite 350
Maitland, Florida 32751          (407) 660-8575

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                           AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury— Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

Transferred from
☐ 5 another district
(specify)

☐ 6 Multidistrict
Litigation

Appeal to District
Judge from
☐ 7 Magistrate
Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Cause of action for copyright and trademark violations pursuant to the Copyright Act, 17 U.S.C., Section 101 et seq. and The Federal Trademark Act, 15 U.S.C., Section 1501 et seq.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ YES    ☒ NO

## VIII. RELATED CASE(S)
IF ANY     (See instructions):

JUDGE

DOCKET NUMBER

DATE
April 18, 2005

SIGNATURE OF ATTORNEY OF RECORD

Michael W.O. Holihan

FOR OFFICE USE ONLY

RECEIPT #  6194 22    AMOUNT  250 —    APPLYING IFP         JUDGE         MAG. JUDGE

AO 121 (6/90)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

FILED by DC
APR 21 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

| ☐ ACTION     ☐ APPEAL | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA |
|---|---|
| DOCKET NO.<br>05-21092-CV-JORDAN | DATE FILED<br>04/21/05 | 301 N Miami Avenue<br>Miami, FL 33128 |

| PLAINTIFF<br>Hit Entertainment, PLC<br>Lyons Partnership, LP<br>Disney Enterprises, Inc.<br>Sanrio, Inc. | DEFENDANT<br>Cookies-n-Cream Party Rental, Inc.<br>Anais Oliver d/b/a Cookies-n-Cream Funny Clown Show |
|---|---|

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order   ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes   ☐ No | DATE RENDERED |
|---|---|---|

| CLERK<br>CLARENCE MADDOX | (BY) DEPUTY CLERK<br>Barbara Sohn | DATE<br>4/21/05 |
|---|---|---|

DISTRIBUTION:
1) Upon initiation of action, mail copy to Register of Copyrights
2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights
3) Upon termination of action, mail copy to Register of Copyrights
4) In the event of an appeal, forward copy to Appellate Court
5) Case File Copy